**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO:_____

CLINTON WALKER and,
ROBERT RAMIREZ,

          **Plaintiffs,**

      VS.

RUBEN DEJESUS,
in his individual capacity;

          **Defendant.**

_____ /

**COMPLAINT FOR CIVIL
RIGHTS VIOLATIONS
(JURY TRIAL DEMANDED)**

## COMPLAINT

    **COME NOW**, the Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, by and

through their undersigned attorney, and hereby file this Complaint against the Defendant,

RUBEN DEJESUS (hereinafter DEJESUS), in his individual capacity and states as follows:

## INTRODUCTION

    1.    This is an action to redress violations of the Plaintiffs, CLINTON WALKER's

and ROBERT RAMIREZ's, Civil Rights guaranteed by the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution; under federal law §§1983 and 1988 of Title 42 of

the United States Code; and violations of state tort law of the State of Florida.

## PARTIES

    2.    At all times material hereto, Plaintiff, CLINTON WALKER, was a citizen of the

State of Florida, living within the Middle District of Florida, was over 18 years of age and was

sui juris.

1

3.      At all times material hereto, Plaintiff, ROBERT RAMIREZ, was a citizen of the State of Florida, living within the Middle District of Florida, was over 18 years of age and was sui juris.

4.      Defendant, DEJESUS was at all times relevant to this Complaint, a duly appointed employee /officer and agent of the St. Petersburg Police Department (SPPD), in St. Petersburg, Pinellas County, Florida.

5.      At all times, Defendant, DEJESUS, was acting under color of law while working with the St. Petersburg Police Department.

6.      At all times, Defendant, DEJESUS was a citizen of the State of Florida and was over 18 years of age and was sui juris.

7.      Defendant DEJESUS is sued in his individual capacity.

## JURISDICTION & VENUE

8.      PLAINTIFFS invoke the jurisdiction of this Court under §§ 1331, 1343, 1356, and 1367 of Title 28, and §§1983 and 1988 of Title 42 of the United States Code.

9.      PLAINTIFFS state law claims are related to the accompanying federal claims and form a part of the same case or controversy, accordingly, the Court has supplemental jurisdiction over the PLAINTIFFS state law claims, pursuant to 28 U.S.C. §1367(a).

10.      Venue is proper in this Court under 28 U.S.C. §1391(b) as the parties reside, or at the time of the events took place, resided in this judicial district, and the events giving rise to the claims asserted herein occurred in this district.

11.     All conditions precedent to the filing of this action, including those set forth in Florida Statute §768.28 have been performed, have occurred prior to its institution, or have been waived.

## **FACTUAL ALLEGATIONS**

12.     During the first Friday of each month in 2016, the downtown area of St. Petersburg, FL, along with the local businesses, hosted a "First Friday" block party that consisted of bands, food and drink at the local restaurant and bar establishments.

13.      On May 6, 2016, and flowing into May 7, 2016, the City of St. Petersburg, FL, hosted its monthly First Friday

14.     On May 7, 2016, Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, were at the Cafe Del Mar located at 243 Central Avenue in St. Petersburg, FL as part of the First Friday festivities in downtown St. Petersburg, FL.

15.     At approximately 1:55 p.m. on May 7, 2016, Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, were patrons in the Cafe Del Mar that was heavily populated when members of the SPPD entered the bar to investigate a battery that had previously occurred that early morning.

16.     The Cafe Del Mar had loud music blaring the entire time and many of the patrons were attempting to communicate loudly over the blaring music.

17.     The description of the alleged suspect of the battery that was reported to the SPPD dispatch and conveyed to patrol officers of the SPPD consisted of a white male, age in his late twenties, 5'11'' inches in height, approximately 185 lbs. in weight, wearing a greyish, white baseball cap and the suspect had already fled the scene of the alleged crime.

18.     On the morning in question, Plaintiff, CLINTON WALKER, was wearing a black long sleeve button down shirt along with jeans and no hat, and did not even remotely match the physical or clothing description of the battery suspect that members of the SPPD were searching for.

19.     Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, were walking through the restaurant when Plaintiff, CLINTON WALKER, was accosted and pushed out of the way by Defendant, DEJESUS, for no apparent reason.

20.     Plaintiff, CLINTON WALKER, was not carrying anything in his hands at the time of being accosted by Defendant, DEJESUS.

21.     After the Plaintiff, CLINTON WALKER, stated his displeasure to the Defendant, DEJESUS, for accosting and pushing him, the Defendant then became verbally aggressive towards Plaintiff, CLINTON WALKER, and while this was occurring, Plaintiff, ROBERT RAMIREZ, attempted to inform Defendant, DEJESUS, that Plaintiff CLINTON WALKER had done nothing wrong and was with him the entire time, and that whomever Defendant DEJESUS was looking for, it definitely was not Plaintiff, CLINTON WALKER.

22.     In response, to Plaintiff, ROBERT RAMIREZ's actions, the Defendant pushed him away from CLINTON WALKER.

23.     In addition, Defendant, DEJESUS, was aggressively pushing other patrons in the general vicinity.

24.     The Defendant, DEJESUS, continued being overly aggressive towards Plaintiff, CLINTON WALKER, and ordered him to put his hands behind his back.

25.     At no time was Plaintiff, CLINTON WALKER, acting aggressively or a threat to Defendant DEJESUS or anyone else in the general vicinity.

26.     Without placing Plaintiff, CLINTON WALKER, under arrest, without reading him his Miranda rights, and without explaining why the Defendant, DEJESUS, was detaining him or what he did wrong, Defendant, DEJESUS, ordered CLINTON WALKER, to put his hands behind his back.

27.     Plaintiff, CLINTON WALKER, complied with Defendant, DEJESUS', unreasonable orders despite the fact that he had committed no offense, posed no immediate threat to either officers or others and had not actively resisted or attempted to evade arrest.

28.     While Defendant, DEJESUS, commanded Plaintiff, CLINTON WALKER, to put his hands behind his back, Defendant, DEJESUS, continued to verbally berate him despite having broken no laws, not being under arrest, and not being told why he was being ordered to put his hands behind his back.

29.     The Defendant, DEJESUS, continued being overly aggressive towards Plaintiff, CLINTON WALKER, just because CLINTON WALKER was asking why he was being treated in such a threatening manner and whether he was being arrested.

30.     Fearful for his life, Plaintiff, CLINTON WALKER, proceeded to slightly turn his body to his right to show Defendant, DEJESUS, that his hands were behind him and that he was being compliant with the Defendant's orders.

31.     At no time did Plaintiff, CLINTON WALKER, ever verbally or physically threaten the Defendant and CLINTON WALKER never attempted to flee from the Defendant.

32.     Despite Plaintiff CLINTON WALKER's submission to Defendant DEJESUS' show of authority, Defendant, DEJESUS suddenly and without provocation tased the Plaintiff, CLINTON WALKER.

33.     After being tased, Plaintiff, CLINTON WALKER, fell to the ground and was tased several additional times, all while keeping his hands above his head in a submissive manner as he feared for his life.

34.     Many patrons of the Cafe Del Mar restaurant appeared stunned by the actions of the Defendant, DEJESUS, in attacking CLINTON WALKER.

35.     Plaintiff, CLINTON WALKER, after being tased several times was finally able to roll over on his stomach for members of the SPPD to apply handcuffs to the Plaintiff.

36.     While the Plaintiff, CLINTON WALKER, was face down, on the ground and being handcuffed, the Defendant, DEJESUS, proceeded to kick the Plaintiff in his genitalia to cause further pain and suffering to the Plaintiff.

37.     While Plaintiff, CLINTON WALKER, was face down on the ground, Defendant, DEJESUS proceeded to kick him once again in the ribcage.

38.     In a fit of rage, Defendant, DEJESUS, intentionally and over aggressively, kicked an unknown patron in his leg and pushed others for no apparent reasons.

39.     While Plaintiff, CLINTON WALKER, was face down on the ground, Defendant, DEJESUS, ordered members of the SPPD to arrest Plaintiff, ROBERT RAMIREZ.

40.     As Plaintiff, ROBERT RAMIREZ, was then being handcuffed by members of the SPPD, Defendant, DEJESUS, went up to him and grabbed his face and violently shook it in an aggressive manner, and then violently pushed him for no know reason while he was being led out of the Cafe Del Mar in handcuffs by other officers of the SPPD.

41.     Defendant, DEJESUS, continued to aggressively push patrons located near him.

42.     A short time after Plaintiff, CLINTON WALKER, was escorted by members of the St. Petersburg Police Department to outside of the Cafe Del Mar, Defendant, DEJESUS,

went outside of the establishment and violently grabbed CLINTON WALKER by the face and made threatening remarks to him.

43.     By tasering, kicking, and grabbing the face of the Plaintiff, CLINTON WALKER, Defendant, DEJESUS, intentionally utilized excessive force without justification, which caused CLINTON WALKER to fear for his safety and suffer severe pain at the hands of Defendant, DEJESUS, despite the fact that CLINTON WALKER had broken no law, had not been placed under arrest, was in a place he was permitted to be, had complied with the Defendant DEJESUS' orders and there was no legal basis for taking him into custody or tasering, kicking and handcuffing him.

44.     Defendant, DEJESUS, used excessive, inappropriate, unwarranted, and objectively unreasonable and unjustifiable force without justification against Plaintiff, CLINTON WALKER, when he tased, kicked, and eventually grabbed CLINTON WALKER by the face.

45.     By violently pushing the Plaintiff ROBERT RAMIREZ, Defendant, DEJESUS, intentionally utilized excessive, inappropriate, unwarranted, and objectively unreasonable and unjustifiable force without justification, which caused ROBERT RAMIREZ to fear for his safety and suffer pain at the hands of Defendant, DEJESUS, despite the fact that ROBERT RAMIREZ had broken no law, had not been placed under arrest, was in a place he was permitted to be and there was no legal basis for taking him into custody or pushing him and ordering him handcuffed and arrested by members of the SPPD.

46.     Defendant, DEJESUS, used excessive, inappropriate, unwarranted, and objectively unreasonable and unjustifiable force without justification against Plaintiff, ROBERT

RAMIREZ, when he grabbed the Plaintiff by the face and then violently pushed him as he was being led out of the restaurant in handcuffs.

47.     Unbeknownst to Defendant, DEJESUS,  the Cafe Del Mar, as well as a civilian patron of the cafe, were videotaping the contact between the Defendant and Plaintiffs.

48.     Plaintiff, CLINTON WALKER, was arrested for battery of a law enforcement officer and Plaintiff, ROBERT RAMIREZ, was arrested with obstructing or resisting an officer without violence.

49.     The State Attorney's Office for the Sixth Judicial Circuit in and for Pinellas County, Florida, after reviewing video footage from both the Cafe Del Mar as well as the civilian footage, filed "No Information" documents for both cases on June 6, 2016, indicating they would not be filing formal charges.

50.     In committing the acts alleged in the preceding paragraphs, Defendant, DEJESUS was employed by the SPPD and acting at all relevant times within the scope of his employment relationship.

51.     At all times relevant hereto, Plaintiff, CLINTON WALKER, was unarmed and posed no threat of substantial harm to Defendant, DEJESUS.

52.     At all times relevant hereto, Plaintiff, ROBERT RAMIREZ, was unarmed and posed no threat of substantial harm to Defendant, DEJUSUS.


**COUNT I- FALSE ARREST / IMPRISONMENT- (CLINTON WALKER)**

53.     Paragraphs 2, and 4 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

54.     Plaintiff, CLINTON WALKER, presented his claim timely in writing on July 16, 2016 to Defendant, DEJESUS, pursuant to Florida Statute §768.28.

55.     In committing the acts complained of herein, Defendant DEJESUS was acting under color of state law and further provided intentional false information in an arrest affidavit, including that CLINTON WALKER pushed the Defendant in his chest, in order to justify his false arrest and false imprisonment of the Plaintiff, CLINTON WALKER.

56.     The unlawful detention and arrest committed by Defendant, DEJESUS, against Plaintiff, CLINTON WALKER, was accomplished with malicious intent and in a manner exhibiting wanton and willful disregard of the Plaintiff's rights and safety, and deprived the Plaintiff of his right to be free from unlawful arrest.

57.     As a direct and proximate result of the false arrest and false imprisonment of Plaintiff, CLINTON WALKER, he has suffered grievously, has been brought into public scandal, and with great humiliation has caused him mental suffering and has damaged his reputation.

58.     As a further direct and proximate result of the false arrest and imprisonment of the Plaintiff, CLINTON WALKER, he has further suffered loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights.

WHEREFORE, Plaintiff, CLINTON WALKER prays:

a) Judgment for compensatory damages against Defendant DEJESUS,

b) Costs of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II- BATTERY- (CLINTON WALKER)

59.      Paragraphs 2 and 4 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

60.      Plaintiff, CLINTON WALKER, presented his claim timely in writing on July 16, 2016 to Defendant, DEJESUS, pursuant to Florida Statute §768.28.

61.      Defendant DEJESUS' actions of intentionally, recklessly, and offensively tasering the Plaintiff CLINTON WALKER multiple times, and further by kicking the Plaintiff in the genitals and ribcage area of his torso, was against the CLINTON WALKER's will while he was face down, compliant, unarmed, and not having committed any crimes, and was done with malicious intent and in a manner exhibiting wanton and willful disregard of his rights and safety.

62.      Defendant DEJESUS' action of grabbing the face of Plaintiff, CLINTON WALKER, after he was led by other officers of the SPPD in handcuffs to a police cruiser was against the will of CLINTON WALKER and done with malicious intent and in a manner exhibiting wanton and willful disregard of his rights and safety.

63.      Plaintiff, CLINTON WALKER, suffered grievous bodily harm and physical injury at the hands of Defendant, DEJESUS.

64.      As a direct and proximate result of the conduct of Defendant, DEJESUS, CLINTON WALKER suffered severe injury which include physical pain and suffering, mental suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, and disgrace.

65.      All damages continue to this day and are likely to continue in the future.

WHEREFORE, Plaintiff, CLINTON WALKER prays:

a)   Judgment for compensatory damages against Defendant DEJESUS;

b)   Costs of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III – 42 U.S.C. § 1983
## VIOLANTION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
## (CLINTON WALKER)

66.     Paragraphs 2 and 4 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

67.     The cause of action is brought by the Plaintiff, CLINTON WALKER, against Defendant DEJESUS for the deprivation of Plaintiff's constitutional rights within the meaning of 42 U.S.C. § 1983.

68.     While Defendant DEJESUS was acting under the authority of the State of Florida he also acted under color of law, all while being an agent / employee of the SPPD, and he subjected Plaintiff, CLINTON WALKER, to the deprivation of the rights and privileges secured to him by the Constitution of the United States including his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from unreasonable seizures and excessive force against his person.

69.     Defendant, DEJESUS, through the actions described above, deprived Plaintiff, CLINTON WALKER, of his rights privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and

imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

70.     The conduct of Defendant DEJESUS constitutes deliberate indifference, willful and intentional conduct and he used excessive or objectively unreasonable force towards the public in general and specifically to Plaintiff, CLINTON WALKER, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff, CLINTON WALKER prays:

a) Judgment for compensatory and punitive damages against Defendant DEJESUS;

b) Costs of suit pursuant to 42 U.S.C. 1988;

c) Reasonable attorney's fees pursuant to 42 U.S.C. 1988;

d) Trial by jury as to all issues so triable; and

e) Such other relief as this Honorable Court may deem just and appropriate.


**COUNT IV- FALSE ARREST / IMPRISONMENT- (ROBERT RAMIREZ)**

71.     Paragraphs 3 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

72.     Plaintiff, ROBERT RAMIREZ, presented his claim timely in writing on July 16, 2016, to Defendant, DEJESUS, pursuant to Florida Statute §768.28.

73.     In committing the acts complained of herein, Defendant DEJESUS was acting under color of state law and further provided intentional false information in an arrest affidavit in order to justify his false arrest and false imprisonment of the Plaintiff, ROBERT RAMIREZ.

74.     The unlawful detention and arrest ordered by Defendant, DEJESUS, of Plaintiff, ROBERT RAMIREZ, was accomplished with malicious intent and in a manner exhibiting wanton and willful disregard of the Plaintiff's rights and safety, and deprived the Plaintiff of his right to be free from unlawful arrest.

75.     As a direct and proximate result of the false arrest and false imprisonment of Plaintiff, ROBERT RAMIREZ, he has suffered grievously, has been brought into public scandal, and with great humiliation has caused him mental suffering and has damaged his reputation.

76.     As a further direct and proximate result of the false arrest and imprisonment of the Plaintiff, ROBERT RAMIREZ, he has further suffered loss of capacity for the enjoyment of life, humiliation personally, and loss of his freedom and civil rights.

WHEREFORE, Plaintiff, ROBERT RAMIREZ prays:

a)  Judgment for compensatory damages against Defendant DEJESUS,

b)  Costs of suit;

c)  Trial by jury as to all issues so triable; and

d)  Such other relief as this Honorable Court may deem just and appropriate.


## COUNT V- BATTERY- (ROBERT RAMIREZ)

77.     Paragraphs 3 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

78.     Plaintiff, ROBERT RAMIREZ, presented his claim timely in writing on July 16, 2016 to Defendant, DEJESUS, pursuant to Florida Statute §768.28.

79.     Defendant DEJESUS' actions of intentionally, recklessly, and offensively battering the Plaintiff ROBERT RAMIREZ by violently grabbing and shaking the Plaintiff by

his face and also violently pushing him all while being handcuffed, was against his will all while the Plaintiff was unarmed, and not having committed any crimes, and was done with malicious intent and in a manner exhibiting wanton and willful disregard of his rights and safety.

80.     Plaintiff, ROBERT RAMIREZ, suffered grievous bodily harm and physical injury at the hands of Defendant, DEJESUS.

81.     As a direct and proximate result of the conduct of Defendant, DEJESUS, ROBERT RAMIREZ suffered injury which include physical pain at the time of the incident, mental suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, and disgrace.

82.     All damages continue to this day and are likely to continue in the future.

WHEREFORE, Plaintiff, ROBERT RAMIREZ prays:

a) Judgment for compensatory damages against Defendant DEJESUS;

b) Costs of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI – 42 U.S.C. § 1983
## VIOLANTION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
## (ROBERT RAMIREZ)

83.     Paragraphs 3 through 52 of this complaint are incorporated by reference into this count of the complaint, as if set out in full.

84.     The cause of action is brought by the Plaintiff, ROBERT RAMIREZ, against Defendant DEJESUS for the deprivation of Plaintiff's constitutional rights within the meaning of 42 U.S.C. § 1983.

85.     While Defendant DEJESUS was acting under the authority of the State of Florida and under color of law as an agent / employee of the SPPD through the City of St. Petersburg, he subjected Plaintiff, ROBERT RAMIREZ, to the deprivation of the rights and privileges secured to him by the Constitution of the United States including his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from unreasonable seizures and excessive force against his person.

86.     Defendant, DEJESUS, through the actions described above, deprived Plaintiff, ROBERT RAMIREZ, of his rights privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

87.     The conduct of Defendant DEJESUS constitutes deliberate indifference, willful and intentional conduct towards the public in general and specifically to Plaintiff, ROBERT RAMIREZ, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff, ROBERT RAMIREZ prays:

a)  Judgment for compensatory and punitive damages against Defendant DEJESUS;

b)  Costs of suit pursuant to 42 U.S.C. 1988;

c)  Reasonable attorney's fees pursuant to 42 U.S.C. 1988;

d)  Trial by jury as to all issues so triable; and

e)  Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, pray that, after due proceedings, judgment be entered in favor of each Plaintiff and against the Defendant, and that this Court award the following:

a.  Award each Plaintiff all compensatory damages reasonable under the circumstances, including physical pain and suffering, mental suffering, medical expenses, loss of enjoyment of life, and any other compensatory damages, for each count  alleged in the Complaint;

b.  Award each Plaintiff punitive damages against the Defendant, DEJESUS, who is sued in his individual capacity;

c.  Award Plaintiff reasonable attorney's fees and court costs as allowed by law;

d.  Award Plaintiff legal interest on all damages awarded from the date of statutory demand until paid; and

e.  Award Plaintiff such other and further relief as this Court deems equitable, just and proper.

## JURY TRIAL DEMAND

Plaintiffs, CLINTON WALKER and ROBERT RAMIREZ, demand a jury trial to resolve all claims brought herein.

**RESPECTFULLY SUBMITTED** this May 5, 2020.


*/S/ Jerry Theophilopoulos*
GERASIMOS "JERRY" THEOPHILOPOULOS, ESQ.
Florida Bar number 0068380
**THEOPHILOPOULOS LAW, P.A.**
649 E. Tarpon Ave.
Tarpon Springs, FL 34689
(727) 945-1112
jerry@theolaw.com

**TRIAL COUNSEL for Plaintiffs,**
**CLINTON WALKER &**
**ROBERT RAMRIEZ**